# IN THE EIGHTH CIRCUIT COURT OF APPEALS

UNITED STATES OF AMERICA          **APPELLEE**

v.          **APPEAL NO. 23-2396**

MARCUS MILLSAP          **APPELLANT**

---

## MOTION TO STAY FINE PENDING APPEAL
## AND TO QUASH APPLICATION FOR WRIT OF GARNISHMENT

---

Comes now the Appellant, Marcus Millsap, by and through his undersigned counsel, Lee D. Curry and the Brad Hendricks Law Firm, and for his Motion to Stay Fine Pending Appeal and To Quash Application for Writ of Garnishment, states as follows:

1.      On June 8, 2023, Appellant Marcus Millsap moved pursuant to Fed. R. Crim. P. 38(c) for an order from the district court staying his obligation to pay the fine and costs of $200,300 imposed as part of the sentenced pronounced in his case on May 26, 2023. *See* ECF No. 2777. In his motion, Appellant stated that he was willing to comply with any reasonable condition that may be required under 18 U.S.C. § 3572(g) as a condition of granting the stay.

2.      On June 20, 2023, the district court entered an order denying Appellant's motion. *See* ECF No. 2785. The district court reasoned that Appellant's presentence investigation report showed that he had more than sufficient assets to

Appellate Case: 23-2396    Page: 1    Date Filed: 08/01/2023 Entry ID: 5301472

pay the fine now, and that if the Eighth Circuit grants the relief he seeks, the fine payment will be returned.

3. On July 21, 2023, the Appellee filed an application for writ of garnishment with the district court directed to garnishee Chambers Bank. *See* ECF No. 2795.

4. On July 27, 2023, garnishee Chambers Bank answered the writ of garnishment, stating that it is holding funds in the amount of $200,300.00 to satisfy Appellee's judgment against Appellant. *See* ECF No. 2800.

5. Appellant moves this Court, pursuant to Rule 8 of the Federal Rules of Appellate Procedure and Rule 38 of the Federal Rules of Criminal Procedure, for an order staying the obligation to pay the fine and costs of $200,300 imposed as part of the sentence pronounced in this case on May 26, 2023.

6. Appellant is prepared to deposit the $200,300 in the registry of the district court pending appeal, as allowed by Fed. R. Crim. P. 38(c)(1) and 18 U.S.C. § 3572(g)(1).

7. This Court should grant Appellant's Motion, stay his fine pending appeal, quash the application for writ of garnishment, and allow him to deposit the full amount of his fines and costs into the registry of the district court.

8. While this Court has clearly stated that *uncollected* fines abate with the death of the defendant, *see* United States v. Morton, 635 F.2d 723 (8th Cir. 1980);

2

however, this Court has never addressed the issue of whether the Government must return a *collected* fine if the defendant from whom the fine is collected dies during the pendency of his appeal. Appellant's Motion should be granted so that, in the event Appellant dies during the pendency of his appeal, there will be no question as to whether Appellant's estate is entitled to return of the subject funds.

9. Relevant parts of the record are attached to this Motion, namely:

   a. The judgment entered on May 26, 2023 (ECF No. 2772);

   b. Appellant's Motion to Stay Fine Pending Appeal (ECF No. 2777);

   c. Appellee's Response in Opposition to Motion to Stay Fine Pending Appeal (ECF No. 2784);

   d. The district court's order denying Appellant's Motion to Stay Fine Pending Appeal (ECF No. 2785);

   e. Appellee's Application for Writ of Garnishment (ECF No. 2795); and

   f. Garnishee Chambers Bank's Answer to the Writ of Garnishment (ECF No. 2800).

WHEREFORE, Appellant moves this Court for entry of an order staying his fine pending appeal, directing him to deposit $200,300 into the registry of the district court pending appeal, and quashing Appellee's application for writ of garnishment.

3

Respectfully submitted,

_____
Lee D. Curry     Ark. Bar No. 2014153
The Brad Hendricks Law Firm
500 C Pleasant Valley Drive
Little Rock, AR 72227
(501) 221-0444
Lcurry@bradhendricks.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

_____
Lee D. Curry     Ark. Bar No. 2014153

## Certificate of Compliance with Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

1. This document complies with the type-volume and word limits of Fed. R. App. P. 32(c)(1) and 27(d)(2)(A) because this document contains 588 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

_____
Lee D. Curry
Attorney for Appellant Marcus Millsap
Dated 08/01/2023

4



AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 1

**FILED**
**U.S. DISTRICT COURT**
**EASTERN DISTRICT ARKANSAS**

# UNITED STATES DISTRICT COURT

MAY **2 6** 2023

Eastern District of Arkansas

**TAMMY H. DOWNS, CLERK**
By:_____
                           **DEP CLERK**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) |
| **MARCUS O. MILLSAP** | ) |
| | ) |
| | ) |

**JUDGMENT IN A CRIMINAL CASE**

Case Number:  4:17-CR-00293-BSM-45

USM Number:  32531-009

Tre Kitchens/Lee Curry
Defendant's Attorney

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☑ was found guilty on count(s)   1, 2 and 10 of Second Superseding Indictment
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1962(d) | Conspiracy to Violate RICO | 9/3/2019 | 1s |
| | (Class A Felony) | | |

The defendant is sentenced as provided in pages 2 through ___8___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)  1, 2 and 10 of Superseding Indict   ☐ is   ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

5/24/2023
Date of Imposition of Judgment

*Brian S. Miller*
Signature of Judge

Brian S. Miller, United States District Judge
Name and Title of Judge

5/26/2023
Date

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
Sheet 1A

Judgment—Page   **2**   of   **8**

DEFENDANT:   MARCUS O. MILLSAP
CASE NUMBER:   4:17-CR-00293-BSM-45

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 1959(a)(5) and 2 | Aiding and Abetting Attempted Murder in Aid of Racketeering (Class C Felony) | 9/3/2019 | 2s |
| 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A) | Conspiracy to Possess with Intent to Distribute and to Distribute Methamphetamine (Class A Felony) | 9/3/2019 | 10s |

AO 245B (Rev. 09/19) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __3__ of __8__

DEFENDANT:   MARCUS O. MILLSAP
CASE NUMBER:   4:17-CR-00293-BSM-45

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

LIFE ON COUNTS 1 AND 10; ONE HUNDRED TWENTY (120) MONTHS ON COUNT 2 TO RUN CONCURRENTLY WITH ALL OTHERS

☑ The court makes the following recommendations to the Bureau of Prisons:
Imprisonment recommended at Yazoo City FCC.  If Yazoo City is not available, imprisonment recommended at Coleman FCC.
Credit for time served.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m.   on _____ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 12 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page __4__ of __8__

DEFENDANT:   MARCUS O. MILLSAP
CASE NUMBER:   4:17-CR-00293-BSM-45

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

IF EVER RELEASED, TEN (10) YEARS ON COUNT 10 TO RUN CONCURRENTLY WITH ALL OTHERS; FIVE (5) YEARS ON COUNT 1 TO RUN CONCURRENTLY WITH ALL OTHERS; AND THREE (3) YEARS ON COUNT 2 TO RUN CONCURRENTLY WITH ALL OTHERS

## MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.
2.  You must not unlawfully possess a controlled substance.
3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4.  ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.  ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.  ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.  ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 3A — Supervised Release

| | Judgment—Page | 5 | of | 8 |
|---|---|---|---|---|

DEFENDANT:  MARCUS O. MILLSAP
CASE NUMBER:  4:17-CR-00293-BSM-45

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision.  These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so.  If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity.  If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10.  You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11.  You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12.  If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction.  The probation officer may contact the person and confirm that you have notified the person about the risk.
13.  You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.


Defendant's Signature _____          Date _____

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 3D — Supervised Release

Judgment—Page __6__ of __8__

DEFENDANT: MARCUS O. MILLSAP
CASE NUMBER: 4:17-CR-00293-BSM-45

## SPECIAL CONDITIONS OF SUPERVISION

1. You must participate in a substance abuse treatment program under the guidance and supervision of the probation office. The program may include drug and alcohol testing, outpatient counseling, and residential treatment. You must abstain from the use of alcohol during treatment. You must pay for the cost of treatment at the rate of $10 per session, with the total cost not to exceed $40 per month, based on ability to pay as determined by the probation office. If you are financially unable to pay for the cost of treatment, the co-pay requirement will be waived.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
             Sheet 5 — Criminal Monetary Penalties

Judgment — Page __7__ of __8__

DEFENDANT: MARCUS O. MILLSAP
CASE NUMBER: 4:17-CR-00293-BSM-45

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment\*** | **JVTA Assessment\*\*** |
|---|---|---|---|---|---|
| **TOTALS** | $  300.00 | $  0.00 | $  200,000.00 | $  0.00 | $  0.00 |

☐  The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*\*\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| **TOTALS** | $              0.00 | $              0.00 | |

☐  Restitution amount ordered pursuant to plea agreement  $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐  the interest requirement is waived for the   ☐  fine   ☐  restitution.

    ☐  the interest requirement for the   ☐  fine   ☐  restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page __8__ of __8__

DEFENDANT:  MARCUS O. MILLSAP
CASE NUMBER:  4:17-CR-00293-BSM-45

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☑  Lump sum payment of $  200,300.00   due immediately, balance due

    ☐  not later than _____ , or
    ☐  in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
    _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
    _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
    term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from
    imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| | | | |

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

THE UNITED STATES OF AMERICA                                    PLAINTIFF

VS.                          CASE NO. 4:17-cr-00293-BSM

MARCUS O. MILLSAP                                               DEFENDANT

---

## MOTION TO STAY FINE PENDING APPEAL

---

Comes now the Defendant, Marcus O. Millsap, by and through his undersigned attorneys, and for his Motion to Stay Fine Pending Appeal, pursuant to Fed. R. Crim. P. 38(c) and other applicable law, states as follows:

1.      Defendant Marcus O. Millsap moves the Court for an order staying the obligation to pay the fine and costs of $200,300 imposed as part of the sentence pronounced in this case on May 26, 2023.

2.      Defendant Marcus O. Millsap seeks a stay on the ground that he has duly filed an appeal from the conviction and sentence and that a stay is necessary to prevent the appeal of this fine from becoming moot and to prevent the imposition of a punishment that may be reversed on appeal. A stay of the obligation to pay a fine is authorized by Rule 38(c) of the Federal Rules of Criminal Procedure.

3.      Defendant Marcus O. Millsap is willing to comply with any reasonable condition that may be required under 18 U.S.C. § 3572(g) as a condition for granting the stay.

WHEREFORE, Defendant Marcus O. Millsap prays that his Motion be granted in all respects, and for all other proper relief to which he may be entitled.

RESPECTFULLY SUBMITTED,

Lloyd W. "Tre" Kitchens          ABN 99075
Lee D. Curry                          ABN 2014153
THE BRAD HENDRICKS LAW FIRM
500 C Pleasant Valley Drive
Little Rock, AR 72227
Phone: (501) 221-0444
Fax:    (501) 661-0196
*Attorneys for Defendant Marcus O. Millsap*

Lee D. Curry          Ark. Bar No. 2014153
Lcurry@bradhendricks.com

2

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                )
                                        )
v.                                      )      No. 4:17CR00293-45 BSM
                                        )
MARCUS O. MILLSAP                       )

## UNITED STATES' RESPONSE IN OPPOSITION TO MOTION TO STAY FINE PENDING APPEAL

The United States of America, by and through Jonathan D. Ross, United States Attorney

for the Eastern District of Arkansas, Liza Brown and Stephanie Mazzanti, Assistant United States

Attorneys for said district, submits its response to defendant Marcus O. Millsap's Motion to Stay Fine Pending

Appeal.

Federal Rule of Criminal Procedure 38(c) "leaves the determination as to whether to issue

a stay and under what conditions to the sound discretion of the trial court." *United States v.*

*Koestner*, No. 4:08-CR-00093-RP-CFB, 2010 WL 2595300, at *1 (S.D. Iowa June 22, 2010), *aff'd,*

628 F.3d 978 (8th Cir. 2010) (citing *United States v. Restor,* 529 F. Supp. 579, 580 (W.D.Pa. 1982)

("A district court may grant a motion to stay the execution of a fine or a probationary sentence if

in the exercise of its discretion it concludes that such a stay is proper."); *United States v. Tallant,*

407 F. Supp. 896, 897 (N.D. Ga. 1975) ("[T]he question of whether or not to stay a fine is

committed to the sound discretion of the court ...." (citation omitted))). "When considering such a

stay, the Court must consider the legal merits of the appeal and state its reasons for either issuing

or denying the stay." *Id*. (citing *Restor,* 529 F. Supp. at 580 (citations omitted)). Millsap has failed

to articulate any error the Court made in assessing the fine or mandatory special assessments. The

PSR reflects more than sufficient assets for immediate payment of these obligations, and if there

1

is a reversal by the Eighth Circuit, the funds may be returned. *See United States v. Biernat*, No. CRIM.02127(2)ADM/AJB, 2003 WL 21246034 (D. Minn. May 27, 2003).

In the alternative, if the Court is inclined to grant the requested stay, the United States requests that the Court order the defendant to deposit all of the fine and costs into the district court's registry pending appeal. *See* Fed. R. Crim. P. 38(c); 18 U.S.C. § 3572(g).

Respectfully submitted,

JONATHAN R. ROSS
United States Attorney for the
Eastern District of Arkansas

By:    LIZA JANE BROWN
AR Bar Number 2004183
STEPHANIE MAZZANTI
AR Bar Number 2006298
Assistant U.S. Attorneys
P.O. Box 1229
Little Rock, AR 72203
(501) 340-2600
Liza.Brown@usdoj.gov
Stephanie.Mazzanti@usdoj.gov

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**

**v.**                          **CASE NO. 4:17-CR-00293-BSM**

**MARCUS MILLSAP**                                             **DEFENDANT**

## <u>ORDER</u>

Marcus Millsap's motion to stay payment of the fine assessed at sentencing until he receives a ruling on his appeal [Doc. No. 2777] is denied.  *United States v. Koestner*, No. 4:08-CR-00093-RP-CFB, 2010 WL 2595300, at *1 (S.D. Iowa June 22, 2010), *aff'd*, 628 F.3d 978 (8th Cir. 2010) ("A district court may grant a motion to stay the execution of a fine or a probationary sentence If in the exercise of its discretion it concludes that such a stay is proper.") (citation omitted).  Millsap's presentence investigation report shows that he has more than sufficient assets to pay the fine now.  If the Eighth Circuit grants the relief he is seeking, the fine payment will be returned.

IT IS SO ORDERED this 20th day of June, 2023.

_____
UNITED STATES DISTRICT JUDGE

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 2 1 2023

TAMMY H. DOWNS, CLERK
By:_____
                    DEP CLERK

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

VS.                          NO.  4:17CR00293-045 BSM

MARCUS O. MILLSAP                                          DEFENDANT

CHAMBERS BANK                                              GARNISHEE

### APPLICATION FOR WRIT OF GARNISHMENT

The United States of America, Plaintiff, makes application in accordance with 28 U.S.C.

§ 3205(b)(1) to the Clerk of the United States District Court to issue a Writ of Garnishment upon

the judgment entered against the Defendant, Marcus O. Millsap, Social Security Number XXX-

XX-8574, whose last known address is: Marcus O. Millsap, Reg. #32531-009, USP Coleman I,

U.S. Penitentiary, P.O. Box 1033, Coleman, FL 23521, in the above-cited action in the amount of

$200,300.00, as of today.

Demand for payment of the above-stated debt was made upon the Defendant. Not less than

thirty (30) days has elapsed since request for payment, and Defendant has failed to satisfy the debt.

The Garnishee is believed to owe or will owe money or property to Defendant, or is in possession of

property of the Defendant, and said property is a non-exempt interest of the Defendant, *specifically,*

*but not limited to*: any and all checking accounts, savings accounts, money-market accounts, business

accounts, mortgages, IRAs and/or Certificates of Deposit.

The name and address of the Garnishee or his authorized agent is:

Chambers Bank
Attn: Garnishment Department
901 Main Street
Post Office Box 609
Danville, Arkansas 72833

Respectfully Submitted,

JONATHAN D. ROSS
United States Attorney

*/s/ Josh Newton*
By: Josh Newton
Arkansas Bar Number 2004153
Assistant U.S. Attorney
P.O. Box 1229
Little Rock, AR 72203
Telephone: 501-340-2600
E-mail: josh.newton@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which shall send electronic notification to all CM/ECF participants.

Lee Curry
lcurry@bradhendricks.com

Michael Kiel Kaiser
michael@lcarklaw.com

And was mailed to the following, U.S. Mail, postage prepaid:

Marcus O. Millsap
Reg. #32531-009
USP Coleman I
U.S. Penitentiary
P.O. Box 1033
Coleman, FL  23521

*Josh Newton*
Assistant U.S. Attorney

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

VS.                          NO.  4:17CR00293-045 BSM

MARCUS O. MILLSAP                                           DEFENDANT

CHAMBERS BANK                                              GARNISHEE

### WRIT OF GARNISHMENT

GREETINGS TO:  Chambers Bank
               Attn: Garnishment Department
               901 Main Street
               Post Office Box 609
               Danville, Arkansas 72833

An application for a Writ of Garnishment against the property of Marcus O. Millsap,

Defendant, has been filed with this Court. A judgment has been entered against the above-named

Defendant in the amount of $200,300.00. A balance of $200,300.00 remains outstanding.

You are required by law to answer in writing, under oath, within ten (10) days, whether or

not you have in your custody, control or possession, any property owned by the Defendant,

*specifically, but not limited to:* any and all checking accounts, savings account, money-market

accounts, business accounts, mortgages, IRAs and/or Certificates of Deposit.

You must file the original written answer to this Writ within ten (10) days of your receipt of

this Writ with the United States District Clerk at: 600 W. Capitol Avenue, Suite A149, Little Rock,

Arkansas, 72201. Additionally, you are required by law to serve a copy of this Answer upon the

Defendant at his last known address, Marcus O. Millsap, Reg. #32501-009, USP Coleman I, U.S.

Penitentiary, P.O. Box 2011, Coleman, FL 23521, and upon the United States Attorney's Office,

Financial Litigation Program, P.O. Box 1229, Little Rock, Arkansas 72203.

Under the law, there is property which is exempt from this Writ of Garnishment. Property

which is not subject to this order which is listed on the attached Claim for Exemption form.

If you fail to answer this Writ or withhold property in accordance with this Writ, the United

States of America may petition the Court for an order requiring you to appear before the Court. If

you fail to appear or do appear and fail to show good cause why you failed to comply with this Writ,

the Court may enter a judgment against you for the value of the Defendant's non-exempt property. *It*

*is unlawful to pay, disburse, or deliver to the Defendant any item attached by this Writ until further order*

*of this Court.*

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the Seal of said

Court a Little Rock, this __21st__ day of July, 2023.

TAMMY H. DOWNS
**Clerk, United States District Court**

By: _____

Deputy Clerk

## CLAIM FOR EXEMPTION FORM
## EXEMPTIONS UNDER FEDERAL LAW (18 U.S.C. § 3613)

NOTE: 18 U.S.C. § 3613(a), the federal statute governing liens arising from criminal fines and restitution obligations, generally incorporates the exemptions available to individual taxpayers under the Internal Revenue Service Code.

I claim that the exemption(s) from enforcement which are checked below apply in this case:

_____ 1.   Wearing apparel and school books. -- Such items of wearing apparel and such school brooks as are necessary for the Defendant or for members of his family.

_____ 2.   Fuel, provisions, furniture, and personal effects. -- So much of the fuel, provisions, furniture, and personal effects in the Defendant's household, and of the arms for personal use, livestock, and poultry of the Defendant, as does not exceed $10,810 in value.

_____ 3.   Books and tools of a trade, business, or profession. -- So many of the books, and tools necessary for the trade, business, or profession of the Defendant as do not exceed in the aggregate $5,400 in value.

_____ 4.   Unemployment benefits. -- Any amount payable to an individual with respect to his unemployment (including any portion thereof payable with respect to dependents) under an unemployment compensation law of the United States, of any State, or of the District of Columbia or of the Commonwealth of Puerto Rico.

_____ 5.   Undelivered mail. -- Mail, addressed to any person, which has not been delivered to the addressee.

_____ 6.   Certain annuity and pension payments. -- Annuity or pension payments under the Railroad Retirement Act, benefits under the Railroad Unemployment Insurance Act, special pension payments received by a person whose name has been entered on the Army, Navy, Air Force, and Coast Guard Medal of Honor roll (38 U.S.C. 1562), and annuities based on retired or retainer pay under Chapter 73 of Title 10 of United States Code.

_____ 7.   Workmen's Compensation. -- Any amount payable with respect to compensation (including any portion thereof payable with respect to dependents) under a workmen's compensation law of the United States, any State, the District of Columbia, or the Commonwealth of Puerto Rico.

_____ 8.   Judgments for support of minor children. -- If the Defendant is required by judgment of a court of competent jurisdiction, entered prior to the date of levy, to contribute to the support of his minor children, so much of his salary, wages, or other income as is necessary to comply with such judgment.

_____ 9.     Certain service-connected disability payments. -- Any amount payable to an individual as a service-connected (within the meaning of section 101(16) of Title 38, United States Code) disability benefit under -- (A) subchapter II, III, IV, V, or VI of Chapter 11 of such Title 38 or (B) Chapter 13, 21, 23, 31, 32, 34, 35, 37 or 39 of such Title 38.

____ 10.     Assistance under Job Training Partnership Act. -- Any amount payable to a participant under the Job Training Partnership Act (29 U.S.C. 1501 et seq.) From funds appropriated pursuant to such Act.

____11.      Minimum exemptions for wages, salary and other income. The exemptions under 26 U.S.C. § 6334(a)(9) do not apply in criminal cases. The exceptions under the Consumer Credit Protection Act, 15 U.S.C. § 1673, for disposable earnings, automatically apply and do not need to be claimed. The aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed (1) 25 % of his disposable earnings for that week, or (2) the amount by which his disposable earnings for that week exceed thirty times the Federal minimum hourly wage in effect at the time the earnings are payable, whichever is less.

The statements made in this claim of exemptions and request for hearing as to exemption entitlement and fair market value of the property designated are made and declared under penalty of perjury that they are true and correct.

_____        I hereby request a court hearing to decide the validity of my claims. Notice of the hearing should be given to me by mail at:

( _____ ) or telephonically at (_____ ).
    Address                                     Phone No.

_____
Defendant's printed or typed name

_____
Signature of Defendant

_____
Date

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | | PLAINTIFF |
| VS. | NO.  4:17CR00293-045 BSM | |
| MARCUS O. MILLSAP | | DEFENDANT |
| CHAMBERS BANK | | GARNISHEE |

**INSTRUCTIONS TO DEFENDANT**
**CLERK'S NOTICE OF POST JUDGMENT GARNISHMENT**

YOU ARE HEREBY NOTIFIED of this Writ of Garnishment taken by the United States

of America, which has a judgment against you in the United States District Court, Eastern District

of Arkansas in the sum of $200,300.00. A balance of $200,300.00, remains outstanding.  The

Garnishment was served on Garnishee: Chambers Bank, Attn: Garnishment Department, 901

Main Street, Post Office Box 609, Danville, Arkansas 72833, and it is believed that the Garnishee

may have property of yours in its custody, possession, or control, now or in the future.

In addition, you are hereby notified that there are exemptions under the law which may

protect some of the property from being taken by the Government if you can show that the

exemptions apply. Attached, to the Writ of Garnishment, is a summary of the major exemptions

which apply in most situations in the State of Arkansas.

If you are the above-named Defendant/Debtor, you have a right to ask the Court to return

your property to you if you think you do not owe the money to the Government that it claims

you do, or if you think the property the Government is taking qualifies under one of the above

exemptions.

If you want a hearing, you must file a written objection to the Garnishee's answer within twenty (20) days after its receipt. In this written notice, you must state the grounds for your objection. You will have the burden of proving such grounds at the hearing.

You must either mail your written objection or deliver it, in person, to the Clerk of the United States District Court at 600 West Capitol Avenue, Suite A149, Little Rock, Arkansas, 72201. You must also send a copy of your request to the United States Attorney, Attn: Financial Litigation Program, P.O. Box 1229, Little Rock, Arkansas 72203, so the Government will know you want a hearing.

The hearing will take place within five (5) days after the Clerk receives your request, if you ask for it to take place that quickly, or as soon after that as possible. At the hearing, you may explain to the judge why you think you do not owe the money to the Government. If you do not request a hearing within twenty (20) days of receiving this notice, your property may be applied to the debt you owe the Government.

If you think you live outside the federal judicial district in which the Court is located, you may request, not later than twenty (20) days after you receive this notice, that this proceeding, to take your property, be transferred by the Court to the federal judicial district in which you reside. You must make your request in writing, and either mail it or deliver it, in person, to the Clerk of the Court at 600 West Capitol Avenue, Suite A149, Little Rock, Arkansas, 72201. You must also send a copy of your request to the United States Attorney's Office, Attn: Financial Litigation Program, P.O. 1229, Little Rock, Arkansas 72203, so the Government will know you want the proceeding to be transferred.

Be sure to keep a copy of this notice for your own records. If you have any questions about your rights or about this procedure, you should contact a lawyer, an office of public legal

assistance, or the Clerk of the Court. The clerk is not permitted to give legal advice but can refer

you to other sources of information.

DATED this _____ day of July, 2023.

TAMMY H. DOWNS       JUL **2 1 2023**
CLERK, UNITED STATES DISTRICT COURT

_____

Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

UNITED STATES OF AMERICA                                    PLAINTIFF

VS.                          NO.  4:17CR00293-045 BSM

MARCUS O. MILLSAP                                           DEFENDANT

CHAMBERS BANK                                              GARNISHEE

TO:   Chambers Bank
      Attn: Garnishment Department
      901 Main Street
      P.O. Box 609
      Danville, Arkansas 72833

### INSTRUCTIONS TO THE GARNISHEE

        Attached is a Writ of Garnishment requesting that you determine whether or not you have

in your possession, custody or control any of the property of the Defendant listed therein, or any

other property of the Defendant's. You are required by law to file an answer with the court issuing

the writ within ten (10) days of receipt of this writ and serve a copy on the Defendant and counsel

for the United States. You are further required to withhold and retain any property in which the

Defendant has a substantial non-exempt interest until you receive a garnishment order by the court

with instructions. A list of exemptions which are not subject to the Writ of Garnishment is attached

to the Writ, entitled Claim for Exemption form.

IF YOU FAIL TO ANSWER THIS WRIT OR TO WITHHOLD PROPERTY IN ACCORDANCE WITH THE WRIT, THE COURT MAY MAKE YOU LIABLE FOR THAT AMOUNT OF THE DEFENDANT'S NON-EXEMPT PROPERTY WHICH YOU FAILED TO WITHHOLD. ADDITIONALLY, YOU MAY BE HELD LIABLE FOR A REASONABLE ATTORNEY'S FEE TO THE UNITED STATES AMERICA IF THE UNITED STATES FILES A PETITION TO THE COURT REQUESTING AN EXPLANATION FOR YOUR FAILURE TO COMPLY WITH THIS WRIT.

If you have any additional questions, please contact the United States Attorney's Office at

501-340-2660 or by mail to:

United States Attorney
Attn: Financial Litigation
Post Office Box 1229
Little Rock, Arkansas 72203

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the Seal of said

Court at Little Rock, this _____ day of July, 2023.

JUL 21 2023

TAMMY H. DOWNS
UNITED STATES DISTRICT CLERK
CLERK, U.S. DISTRICT COURT

By: _____
Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

UNITED STATES OF AMERICA                                PLAINTIFF

VS.                        NO.  4:17CR00293-045 BSM

MARCUS O. MILLSAP                                       DEFENDANT

CHAMBERS BANK                                           GARNISHEE

<u>**ANSWER OF THE GARNISHEE**</u>

**STATE OF** _____

                                ss

**COUNTY OF** _____

_____, BEING DULY SWORN DEPOSES AND SAYS:
(Affiant)

    **1.      IF GARNISHEE IS AN INDIVIDUAL:**

    That the Garnishee herein doing business in the name of _____

_____. (State full name

and address of business)

    **2.      IF GARNISHEE IS A PARTNERSHIP:**

    That he/she is a member_____of  a  partnership  composed  of  which

Garnishee is a partner.

    **3.      IF GARNISHEE IS A CORPORATION:**

    That he/she is the (State Official Title) _____ of Garnishee, Chambers

Bank,  a  corporation  organized  under  the  laws  of  the  State  of  _____.

Garnishee was served with the Writ of Continuing Garnishment.

Further, Affiant-Garnishee states as follows:

Yes No

\_\_\_ \_\_\_ 1. The Garnishee has custody, control or possession of the following property (non-

earnings), in which the Defendant maintains an interest, as described below:

_____

\_\_\_ \_\_\_ 2. Garnishee anticipates owing to the judgment-debtor in the future, the following amounts:

_____

\_\_\_ \_\_\_ 3. Unable to determine at this time. Any funds due will be forwarded at a later date.

\_\_\_ \_\_\_ 4. Are there currently garnishments in effect? (If the answer is yes, describe below.)

_____

The Garnishee mailed a copy of this answer by first-class mail to (1) the Defendant, at Marcus O .Millsap, Reg. #32531-009, USP Coleman I, U.S. Penitentiary, P.O. Box 1033, Coleman, FL  33521, (2) the attorney for the United States at United States Attorney's Office, Financial Litigation Program, P.O. Box 1229, Little Rock, Arkansas 72203 and attorneys for defendant, Michael Kiel Kaiser, Attorney at Law, 1218 W. 6th Street, Little Rock, AR 72201 and Lee Curry, Attorney at Law, The Brad Hendricks Law Firm, 500 C Pleasant Valley Drive, Little Rock, AR 72227.

_____
Garnishee

Subscribed and sworn to before me this \_\_\_ day of _____, 2023.

_____
Notary Public

(Seal)

My Commission expires:

_____

The Original Answer must be mailed to:

>Clerk, United States District Court
>600 West Capitol Avenue, Suite 149
>Little Rock, Arkansas 72201

and a copy of this Answer to:

>United States Attorney
>Attn: Financial Litigation
>P.O. Box 1229
>Little Rock, Arkansas 72203

>Marcus O. Millsap
>Reg. #32531-009
>USP Coleman I
>U.S. Penitentiary
>P.O. Box 1033
>Coleman, FL  33521

>Michael Kiel Kaiser
>Attorney at Law
>1218 W. 6th Street
>Little Rock, AR 72201

>Lee Curry
>Attorney at Law
>The Brad Hendricks Law Firm
>500 C Pleasant Valley Drive
>Little Rock, AR 72227

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL **2 7** 2023

TAMMY H. DOWNS, CLERK
By:_____
DEP CLERK

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                        **PLAINTIFF**

**Vs.**                              **NO:  4:17CR00293-045 BSM**

**MARCUS O. MILLSAP**                                             **DEFENDANT**

**CHAMBERS BANK**                                                 **GARNISHEE**

STATE OF ARKANSAS
                           ss
COUNTY OF YELL

Tracy Ellis, being duly sworn deposes and says:

That I am an Operations Support Service Member of Garnishee, Chambers Bank,

a corporation organized under the laws of the State of Arkansas.

Garnishee was served with the Writ of Continuing Garnishment on July 24, 2023.

Further, Affiant-Garnishee states as follows:

(1).       The Garnishee has custody, control or possession of the following

property (non-earnings), in which the Defendant maintains an interest, as described as a

deposit account and is holding funds in the amount of $200,300.00 to satisfy Plaintiff's

judgment against the Defendant.

The Garnishee mailed a copy of this answer by first-class mail to (1) the

Defendant, at Marcus O. Millsap, Reg. #32531-009, USP Coleman I, U.S. Penitentiary,

P.O. Box 1033, Coleman, FL 33521, (2) the attorney for the United States at United

States Attorney's Office, Financial Litigation Program, P.O. Box 1229, Little Rock, AR

72203 and attorneys for defendant, Michael Kiel Kaiser, Attorney at Law, 1218 W. 6th St.,

Little Rock, AR 72201 and Lee Curry, Attorney at Law, The Brad Hendricks Law Firm,

500 C Pleasant Valley Drive, Little Rock, AR 72227.

Respectfully submitted,

CHAMBERS BANK, GARNISHEE

Tracy Ellis

### *VERIFICATION*

I, Tracy Ellis, representative of Chambers Bank, do state that the facts in the foregoing Answer are true and correct to the best of my knowledge, information and belief.

Tracy Ellis

STATE OF ARKANSAS

COUNTY OF YELL

Subscribed and sworn to before me, a Notary Public, on this 24th day of July 2023.

NOTARY PUBLIC

My commission expires:

8/25/2024

JESSICA E. RIEDEL
COMM. EXP.
8-25-2024
No. 12401079
YELL
COUNTY
NOTARY PUBLIC - ARKANSAS

John C. Riedel # 97188
In House Counsel
105 East 9th Street
P.O. Box 1330
Danville, AR 72833
Office: 479-495-4690
E-mail: jcriedel@chambers.bank

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing pleading was served upon all attorneys of record for each of the parties to this action, in the following manner:

By mailing a copy of the pleading by U. S. Mail to the following attorney(s):

United States Attorney
Financial Litigation Program
P.O. Box 1229
Little Rock, AR 72203

Mr. Michael Kiel Kaiser
Attorney at Law
1218 W. 6th St.
Little Rock, AR 72201

Mr. Lee Curry
Attorney at Law
The Brad Hendricks Law Firm
500 C Pleasant Valley Drive
Little Rock, AR 72227

Mr. Marcus O. Millsap
Reg. #32531-009
UPS Coleman 1
U.S. Penitentiary
P.O. Box 1033
Coleman, FL 33521

On this 25th day of July 2023

By:   John C. Riedel