IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO.:23-2396 |
| | ) | |
| MARCUS MILLSAP | ) | |

**UNITED STATES' RESPONSE TO MOTION TO STAY FINE
PENDING APPEAL AND TO QUASH APPLICATION
FOR A WRIT OF GARNISHMENT**

The United States, through Jonathan D. Ross, United States Attorney for the Eastern District of Arkansas, and Stephanie Mazzanti, Assistant United States Attorney for said district, responds as follows to Marcus Millsap's Motion to Stay Fine Pending Appeal and to Quash Application for a Writ of Garnishment.

**I.     Background**

On February 5, 2019, Appellant Marcus Millsap was charged in a 32-count superseding indictment with conspiracy to violate the Racketeer Influences and Corrupt Organizations Act (RICO), in violation of 18 U.S.C. §§ 1961(1) and (5) (Count One); attempted murder in aid of racketeering, in violation of 18 U.S.C. §§ 1959(a)(5) and 2 (Count Two); conspiracy to distribute and possess with intent to

1

Appellate Case: 23-2396     Page: 1     Date Filed: 08/11/2023 Entry ID: 5305102

distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) (Count Ten); and two forfeiture allegations. (R. Doc.1058).[1]

After a multi-week trial, a jury found Millsap guilty of Counts One, Two, and Ten. (R. Doc. 2772). At a sentencing hearing, the district court recognized that the Guidelines fine range is $50,000 to $20,000,000. (Sent. Tr. 18; PSR ¶ 103).[2] The United States argued for fines of $250,000 each on Counts One and Two and $1.5 million on Count Ten so that Millsap's dependents would be left with support but that Millsap would not have access and the ability to obtain a significant amount of funds that would "allow him to go out and to retaliate against anyone who got up on the stand and testified against him in front of the public" as he had demonstrated he was willing to do in the past. (Sent. Tr. 36, 43-44). The United States pointed out Millsap's continuing related conduct even after he was detained as a result of the instant charges and during his jury trial when he threatened a witness—who later pled guilty to perjury—to lie on the stand. (PSR ¶ 32; Sent. Tr. 38, 40). Financial information that the United States received from Millsap pursuant to a subpoena revealed he had more than $2.3 million in assets in a checking account, his residence, a certificate of deposit, a note receivable, and two trusts. (PSR ¶ 92).

---

[1] "R. Doc." refers to the district court docket in case 4:17-CR-293-BSM (EDAR).
[2] "PSR" refers to the presentence investigation report revised on May 25, 2023.

Appellate Case: 23-2396    Page: 2    Date Filed: 08/11/2023 Entry ID: 5305102

On May 24, 2023, the district court sentenced Millsap to life imprisonment on Counts One and Ten and 120 months' imprisonment on Count Two to run concurrently with all other counts, imposed a mandatory $300 assessment, and imposed a $200,000 fine on Count Two. (R. Doc 2772; Sent. Tr. 45, 47).[3] On May 26, 2023, the district court ordered in the judgment that the lump sum payment of $200,300 is "due immediately." (R. Doc. 2772). Millsap filed a notice of appeal on June 7, 2023. (R. Doc. 2776).

Instead of complying with the district court's order to immediately pay the judgment amount, on June 8, 2023, Millsap moved for an order to stay payment of the fine and costs of $200,300. (R. Doc. 2777). The district court denied his motion on June 20, 2023, finding that Millsap's presentence investigation report showed he had more than sufficient assets to pay the fine now and noting that if the Court grants Millsap's requests for relief, payment of the fine would be returned. (R. Doc. 2785).

Again, despite the district court's May 2023 judgment ordering Millsap to pay the $200,300 fine and cost amount "immediately," and the June 20, 2023, order denying his motion to stay payment of the fine, Millsap failed and/or refused to pay the $200,300 judgment over the next 30 days.[4] Thus, on July 21, 2023, the United

---

[3] "Sent. Tr." refers to the sentencing hearing transcript.
[4] *See* 18 U.S.C. § 3572(h) ("A fine or payment of restitution is delinquent if a payment is more than 30 days late.").

3

States filed an application for the district court to issue a writ of garnishment against Millsap for garnishee Chambers Bank. (R. Doc. 2795). Chambers Bank answered on July 27, 2023, stating that it was holding funds in the amount of $200,300 to satisfy the judgment against Millsap. (R. Doc. 2800).

On August 1, 2023, Millsap moved this Court for an order staying the obligation to pay the fine and costs of $200,300 pending appeal and quashing the writ of garnishment.

## II.  Law and Argument

Millsap moves the Court for a stay of the district court's sentence requiring him to pay a within-Guidelines fine of $200,000 and a mandatory special assessment of $300.[5] He asserts that he is prepared to deposit $200,300 in the district court's registry pending appeal but asks the Court to stay the fine and costs and quash the application for writ of garnishment. Millsap fails to demonstrate justification for a stay.

A judgment that includes a sentence to pay a fine is a "final judgment," notwithstanding the fact that it can subsequently be modified, remitted, corrected, or appealed. 18 U.S.C. § 3572(c). "A person sentenced to pay a fine or other monetary

---

[5] Under 18 U.S.C. § 3013(a), the district court shall impose a $100 assessment on any person convicted of a felony. The assessment "shall be collected in the manner that fines are collected in criminal cases." 18 U.S.C. § 3013(b).

penalty, including restitution, *shall make such payment immediately*, unless, in the interest of justice, the court provides for payment on a date certain or in installments." 18 U.S.C. § 3572(d)(1) (emphasis added). Millsap does not set forth a justification in the interest of justice for the Court to exempt him from this statute. The fine imposed by the district court was due immediately after being imposed, and is now delinquent, as more than 30 days have transpired from the date of judgment—May 26, 2023. *See* 18 U.S.C. § 3572(h).

Further, Millsap may now be subject to a penalty based on the delinquency, and potentially the default, of his fine. Title 18, United States Code, Section 3612(g) provides that "[i]f a fine or restitution becomes delinquent, the defendant shall pay, as a penalty, an amount equal to 10 percent of the principal amount that is delinquent. If a fine or restitution becomes in default, the defendant shall pay, as a penalty, an additional amount equal to 15 percent of the principal amount that is in default."[6]

Federal Rule of Appellate Procedure 8(c) provides that Federal Rule of Criminal Procedure 38 governs a stay in a criminal case. Rule 38(c) states, "If the defendant appeals, the district court, or the court of appeals, under Federal Rule of Appellate Procedure 8, may stay the sentence to pay a fine or a fine and costs." The

---

[6] *See* 18 U.S.C. § 3572(i) ("A fine or payment of restitution is in default if a payment is delinquent for more than 90 days.").

Rule provides, in part, that the court may require the defendant to "deposit all or part of the fine and costs into the district court's registry pending appeal[.]" Fed R. Crim. P. 38(c)(1).

Federal Rule of Criminal Procedure 38(c) "leaves the determination as to whether to issue a stay and under what conditions to the sound discretion of the trial court." *United States v. Koestner*, No. 4:08-CR-00093-RP-CFB, 2010 WL 2595300, at *1 (S.D. Iowa June 22, 2010), *aff'd*, 628 F.3d 978 (8th Cir. 2010) (citing *United States v. Restor*, 529 F. Supp. 579, 580 (W.D. Pa. 1982) ("A district court may grant a motion to stay the execution of a fine or a probationary sentence if in the exercise of its discretion it concludes that such a stay is proper."); *United States v. Tallant*, 407 F. Supp. 896, 897 (N.D. Ga. 1975) ("[T]he question of whether or not to stay a fine is committed to the sound discretion of the court . . ." (citation omitted)). "When considering such a stay, the Court must consider the legal merits of the appeal and state its reasons for either issuing or denying the stay." *Koestner*, 2010 WL 2595300 at *1 (citing *Restor*, 529 F. Supp. at 580 (citations omitted)).

"A district court's imposition of a fine and the determination of the amount of the fine will not be reversed unless clearly erroneous." *United States v. Wohlman*, 651 F.3d 878, 886 (8th Cir. 2011) (quoting *United States v. Allmon*, 500 F.3d 800, 807 (8th Cir. 2007)); *United States v. Morais*, 670 F.3d 889, 893 (8th Cir. 2012).

Millsap fails to articulate any clear error the district court committed in assessing the fine or mandatory special assessments. Millsap does not argue that he is unable to pay the fine. The PSR reflects more than sufficient assets for immediate payment of these obligations, and the district court's order states that "[i]f the Eighth Circuit grants the relief he is seeking, the fine payment will be returned." (R. Doc. 2785); *United States v. Biernat*, No. CRIM.02127(2)ADM/AJB, 2003 WL 21246034 (D. Minn. May 27, 2003) (finding that the PSR showed ample assets for immediate payment of the fine and that in the event of reversal, the funds may be returned to defendant).

The potential legal merits of Millsap's appeal do not weigh in favor of issuing a stay of his fine. The district court, in deciding the amount of a fine, must consider factors such as a defendant's "income, earning capacity, and financial resources," the burden that the fine will impose upon the defendant or his dependents, and "the need to deprive the defendant of illegally obtained gains from the offense." 18 U.S.C. § 3572(a)(1), (2), and (5). The district court is not required to make detailed findings on each of the factors but at a minimum must consider "the factors relevant to the particular case before it." *Morais*, 670 F.3d at 894 (quoting *United States v. Berndt*, 86 F.3d 803, 808 (8th Cir. 1996)). "[T]he sentencing guidelines recommend imposition of a fine in all cases, unless the defendant establishes that he is unable to

7

pay and is not likely to become able to pay a fine." *Id.* at 893 (citing U.S.S.G. § 5E1.2(a)). U.S.S.G. § 5E1.2(d) provides that "[t]he amount of the fine should always be sufficient to ensure that the fine, taken together with other sanctions imposed, is punitive."

Millsap was convicted by a jury of serious offenses—RICO conspiracy, attempted murder in aid of racketeering, and conspiracy to distribute methamphetamine. As the United States pointed out at the sentencing hearing, Millsap attempted to use his own funds to have someone killed who had cooperated against him with law enforcement. (Sent. Tr. 35). The United States also argued at the sentencing hearing that Millsap had access and the ability to obtain money and the desire to use his money in furtherance of criminal conduct. (Sent. Tr. 43).

At the sentencing hearing, the district court considered the PSR and the arguments of the parties concerning Millsap's financial resources and recognized that Millsap had a "liquid net worth of $2.3 million," that the record did not reflect that his net worth was dependent on his criminal activity, and that he initially had financial means before he started supplying money to people as part of the conspiracy. (Sent. Tr. 47). The United States subpoenaed financial information from Millsap detailing his over $2.3 million of assets found in checking accounts, his residence, a certificate of deposit, and two trusts. (PSR ¶ 92). The United States will

incur expenses of more than $44,000 per year incarcerating Millsap for his life sentence. (PSR ¶ 104). The district court declined to "strip [Millsap's] children of his family's wealth" and noted that the $200,000 fine is "[a]bout eight percent of his liquid net worth." (Sent. Tr. 47).

The district court did not clearly err and imposed an appropriately punitive fine after considering Millsap's financial resources and the burden that the fine would impose. *See United States v. Petersen*, 22 F.4th 805, 808-809 (8th Cir. 2022) (finding imposition of $100,000 fine, for conspiracy to smuggle noncitizens into United States, was not clearly erroneous as it was a within-Guidelines range fine, district court considered the burden that the fine would have on defendant's dependent, and it was appropriate to consider the need for just punishment by imposing a heightened fine); *Morais*, 670 F.3d at 894 (affirming fine where district court addressed the "key issue" of defendant's income, earning capacity, and financial resources).

Millsap argued to the district court that a stay is "necessary to prevent the appeal of [the] fine from becoming moot and to prevent the imposition of a punishment that may be reversed on appeal." (R. Doc. 2777). He offered to the district court and now offers to this Court that he plans to comply with the required conditions set forth in 18 U.S.C. § 3572(g) if the Court grants his motion. Yet,

9

Millsap offers no explanation as to why he has not previously complied with the judgment.

Although not raised with the district court, Millsap also argues that a stay should be granted because he could die during the pendency of the appeal, noting that this Court has never addressed whether the United States is required to return a *collected* fine if a defendant-payor dies during the pendency of his appeal. *See United States v. Morton*, 635 F.2d 723 (8th Cir. 1980) (holding that the *uncollected* fine abated with the death of the defendant). There appears to be a split of authority on this issue.

The death of a criminal defendant pending an appeal of his conviction or sentence abates, *ab initio*, the entire criminal proceeding. *United States v. Bennett*, 765 F.3d 887, 893 (8th Cir. 2014) (citing *Crooker v. United States*, 325 F.2d 318, 319–20 (8th Cir. 1963)). A criminal fine imposed on a convicted criminal defendant who dies while his appeal is pending is subject to abatement. *See United States v. Christopher*, 273 F.3d 294, 297-298 (3d Cir. 2001); *United States v. DeMichael*, 461 F.3d 414, 417 (3d Cir. 2006) (recognizing general rule of abatement but only abating fine where defendant's appeal only challenged his fine, not his conviction); *United States v. Libous*, 858 F.3d 64, 67 (2d Cir. 2017) (requiring United States to return fine and special assessment that defendant paid before he died while his appeal was

10

Appellate Case: 23-2396     Page: 10     Date Filed: 08/11/2023 Entry ID: 5305102

pending as there was no longer a valid conviction to support retention of fine); *United States v. Coddington*, 802 F. App'x 373, 376 (10th Cir. 2020) (vacating the judgment, including the convictions and restitution order, where defendant died shortly after appealing his conviction).

However, there is some authority suggesting that collected fines are equivalent to time-served upon the death of a defendant, and therefore, are not required to be returned. *See United States v. Rich*, 603 F.3d 722, 724 (9th Cir. 2010) (holding "fines already paid need not be refunded because they are the equivalent of time-served" and the government need not refund the payments on the $2,400 special fee assessment) (citing *United States v. Zizzo,* 120 F.3d 1338, 1347 (7th Cir. 1997) (holding that a defendant who died during a pending appeal, but after paying a $50,000 fine and various other assessments, was not due the moneys because the payments "are analogous to time served and are not refundable") (citing Eleventh and Fifth Circuit cases); *United States v. Parsons, Estate of,* 367 F.3d 409, 417–18 (5th Cir. 2004) (en banc); *United States v. Logal,* 106 F.3d 1547 (11th Cir. 1997)).

The Court should deny the motion for a stay. Millsap has failed to comply with the judgment, has offered no reason for his non-compliance, and has failed to promptly seek a stay from this court until the district court denied the request for a stay, and his request to quash the application for writ of garnishment is completely

without merit. The funds held in Chambers Bank should be paid immediately to the clerk of the district court in accordance with the judgment. In the alternative, the Court should order that the funds held by Chambers Bank be deposited in the registry of the district court pending appeal. Fed. R. Crim. P. 38(c); 18 U.S.C. § 3572(g).

WHEREFORE, the United States respectfully requests that the Court deny Millsap's motion and order the funds held by Chambers Bank to be paid immediately to the clerk of the district court in accordance with the judgment, or in the alternative, order that the funds held by Chambers Bank be immediately deposited into the district court's registry pending appeal.

Respectfully submitted,

JONATHAN D. ROSS
United States Attorney

By: Stephanie Mazzanti
Bar Number 2006298
Assistant United States Attorney
Post Office Box 1229
Little Rock, Arkansas 72203
Telephone No. (501) 340-2600
Stephanie.Mazzanti@usdoj.gov

12

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1. This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) and the word limit of Fed. R. App. P. 27(d)(2), excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 2740 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in size 14 in Times New Roman.

By: Stephanie Mazzanti
Bar Number 2006298
Assistant United States Attorney
Post Office Box 1229
Little Rock, Arkansas 72203
Telephone No. (501) 340-2600
Stephanie.Mazzanti@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that on August 11, 2023, a copy of the foregoing was electronically filed with the Clerk of the Court by using the Case Management/Electronic Case Files (CM/ECF) system.

                              By: Stephanie Mazzanti
                              Bar Number 2006298
                              Assistant United States Attorney
                              Post Office Box 1229
                              Little Rock, Arkansas 72203
                              Telephone No. (501) 340-2600
                              Stephanie.Mazzanti@usdoj.gov